IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROXANNA COY and NAZARETE COY | § | |
| | § | |
| VS. | § | CIVIL ACTION |
| | § | |
| | § | NO. _____ |
| | § | |
| LYNDON SOUTHERN | § | |
| INSURANCE COMPANY | § | JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Lyndon Southern Insurance Company ("Lyndon Southern"), the Defendant herein, respectfully submits the following notice of removal.

### I.

1.     Lyndon Southern is the Defendant in litigation now pending in the 168th Judicial District Court of El Paso County, Texas, Cause No. 2019DCV4276, styled *"Roxanna Coy and Nazarete Coy v. Lyndon Southern Insurance Company."*   The suit filed against Lyndon Southern is a civil action seeking recovery of damages (categorized by the Plaintiffs as "expectancy damages", "reliance damages" and "restitution damages") for cancellation of a personal auto policy and denial of coverage for a third-party liability claim, together with loss of policy benefits and claims for attorney's fees and exemplary damages. The Plaintiffs have alleged causes of action for "bad faith" and breach of contract.

## II.

2.      Both at the time of the filing of Plaintiffs' Original Petition and at the time of the filing of this Notice of Removal, Plaintiffs were, are, and continuously have been individual citizens of the State of Texas with their place of residence in the state of Texas.

3.      Both at the time of filing Plaintiffs' Original Petition and at the time of the filing of this Notice of Removal, Defendant was, is, and continuously has been a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in the State of Florida.   Thus, Defendant is a corporate citizen of the States of Delaware and Florida. There is, therefore, complete diversity of citizenship between the parties.

## III.

4.      The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum or value of $75,000, as evidenced in part by Plaintiffs' allegation at page 1, numbered paragraph I of Plaintiffs' Original Petition, wherein Plaintiffs specifically allege that "this suit is not governed by the expedited-actions process in" Rule 169 of the Texas Rules of Civil Procedure because Plaintiffs "seek monetary relief over $100,000."   Therefore, the Plaintiffs' Petition on its face demonstrates that the amount in controversy is in excess of $75,000.

5.      In addition, or alternatively, Plaintiffs have not affirmatively plead an amount in controversy less than $75,000.   Moreover, an analysis of the Plaintiffs' claims demonstrates that the damages sought, more likely than not, place the Plaintiffs' claims above the jurisdictional minimum.

6.      Initially, the Plaintiffs seek to recover from Lyndon Southern, the personal auto insurer for Roxanna Coy, the alleged loss of policy benefits, which in this instance would be the $30,000 in liability limits *and* the cost of the defense in the underlying suit.   In addition, Plaintiffs

allege that they have suffered injury "independent of the loss of policy benefits." Plaintiffs' Original Petition, p. 3, ¶ V, and they seek recovery of damages (categorized by the Plaintiffs as "expectancy damages", "reliance damages" and "restitution damages"), together with claims for attorney's fees and exemplary damages.

7.     Without admitting, and while denying, that Plaintiffs have or can have any valid claim against Defendant for recovery of punitive damages under the facts of this case, the Plaintiffs' claim for punitive damages represents a potential exposure to Defendant of $60,000 [two times the economic damages of $30,000] up to $200,000, and potentially more.[1]   Either sum, **combined with** the claim for loss of policy benefits of $30,000 **and** the Plaintiffs' alleged damages for injury "independent of the policy benefits," **plus** the claim for attorney's fees in both the underlying case and this case, makes the amount in controversy in this case in excess of $75,000. Consequently, federal diversity jurisdiction exists in this case.

8.     For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith.  28 USC § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).  In a removal case, when the

---

[1]     Pursuant to Section 41.008 of the Texas Civil Practice & Remedies Code, exemplary damages awarded against a defendant "may not exceed an amount equal to the greater of:
   (1)(A) two times the amount of economic damages; plus
     (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or
   (2)  $200,000."

Tex. Civ. Prac. & Rem Code § 41.008(b).

complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional amount. *St. Paul Reinsurance*, 134 F.3d at 1253. The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed the jurisdictional amount." *Id.* at 1253 n.13. As the Fifth Circuit further stated, "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy." *Id.* at 1253.

10. In the instant case, the Plaintiffs have specifically plead that "this suit is not governed by the expedited-actions process in" Rule 169 because Plaintiffs "seek monetary relief over $100,000." Consequently, Defendant submits that the amount in controversy established by Plaintiff's pleading, which is in excess of $75,000, is controlling. The Petition demonstrates on its face that the claim exceeds the jurisdictional amount. Therefore, diversity removal jurisdiction is proper.

11. All of the forms of relief claimed by Plaintiffs, including the $30,000 in loss of policy benefits and the claim for damages "independent of" the loss of policy benefits as actual damages, plus the claim for punitive damages plus the claim for attorney's fees in both this case and the underlying case, are to be considered in determining the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages – just not interest or costs."); *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (attorney's fees are to be included in

**NOTICE OF REMOVAL** – Page 4

determining the jurisdictional amount when they are provided for by contract or by state statute);

*Edinburgh v. American Security Ins. Co.*, 2010 WL 392392 (E.D. La. September 28, 2010) (the

contractual damages sought under a property insurance policy were $72,078, just shy of the federal

diversity jurisdictional amount; but, when combined with the possible recovery for

extra-contractual relief and attorney's fees, the damages sought, more likely than not, placed the

plaintiff's claim at or above the jurisdictional minimum).  *See also, OnePoint Solutions, LLC v.*

*Borchert*, 486 F.3d 342 (8th Cir. 2007), where the court wrote:

> In *Kopp v. Kopp*, 280 F.3d 883 (8th Cir. 2002), we stated that "[t]he
> district court has subject matter jurisdiction in a diversity case when
> a fact finder could legally conclude, from the pleadings and proof
> adduced to the court before trial, that the damages that the plaintiffs
> suffered are greater than $75,000."  *Id.* at 885.
>
> \*   \*   \*
>
> We have upheld jurisdiction, even though the jury ultimately
> awarded less than the statutory minimum, because jurisdiction "is
> measured by the amount properly pleaded or as of the time of the
> suit, not by the end result."  *Zunamon v. Brown*, 418 F.2d 883, 887
> (8th Cir. 1969).  "[The *Zunamon*] holding implicitly suggests that
> jurisdiction was proper because, based on information known to the
> court at the time jurisdiction was challenged, the jury reasonably
> could have awarded more than the statutory minimum, even if the
> jury ultimately did not do so."  *Kopp*, 280 F.3d at 885.  "If access
> to federal district courts is to be further limited it should be done by
> statute and not by court decisions that permit a district court judge
> to prejudge the monetary value of an unliquidated claim."  *Id.*
> (internal quotations and citations omitted).

486 F.3d at 349-350.  In the *OnePoint Solutions* case, OnePoint sued multiple defendants in

federal district court asserting multiple Minnesota state-law causes of action, including conversion

and civil theft, and also including three types of enhanced damages under Minnesota statutes.

Because Minnesota law provided for a plaintiff alleging civil theft to recover the value of the

property at the time it was stolen plus up to an equal amount of punitive damages, the 8th Circuit

concluded that a reasonable jury could award OnePoint damages totaling more than $75,000. Therefore, OnePoint's claim met the jurisdictional threshold for diversity jurisdiction.

12.     The same result is required in the instant case, where the Plaintiffs seek to recover the sum of $30,000 in loss of policy benefits *plus* alleged damages "independent of" the loss of policy benefits, *plus* attorney's fees in both this case *and* the underlying tort case *plus* punitive damages, pursuant to which the jury could award the Plaintiffs punitive damages up to two times the amount of economic damages (in the minimum amount of at least $30,000) plus any non-economic damages awarded to the Plaintiffs or up to $200,000. Either sum, plus the alleged contract benefits of $30,000 plus the claimed attorney's fees, is an amount well in excess of the amount required for federal court jurisdiction.   Accordingly, Defendant respectfully submits that it is facially apparent that the claims alleged by Plaintiffs exceed the jurisdictional minimum for diversity jurisdiction.

## IV.

13.     This Court has jurisdiction and this action is properly removable based upon diversity of citizenship under 28 U.S.C. §1332, et seq.   Pursuant to 28 U.S.C. § 1664, Defendant has removed this action to this Court within the time specified by law.

## V.

14.     Attached hereto are (1) an index of all attached documents, (2) a copy of the Docket Sheet in the State Court action, (3) all executed process, (4) all pleadings (excluding discovery material) filed in the State Court action, Cause No. 2019DCV4276, in the 168th Judicial District Court of El Paso County, Texas, including any Orders signed by the state judge, and (5) a complete list of all counsel of record in the action.

## PRAYER FOR RELIEF

Wherefore, premises considered, Lyndon Southern Insurance Company prays that the action now pending in the 168th Judicial District Court of El Paso County, Texas be removed to this, the United States District Court for the Western District of Texas, El Paso Division.

Respectfully submitted,

BY: _Michael A. Hummert_

Michael A. Hummert
Lead Attorney
State Bar No. 10272000
EKVALL & BYRNE, LLP
4450 Sigma Road, Suite 100
Dallas, Texas 75244
TELEPHONE (972) 239-0839
FACSIMILE (972) 960-9517
mhummert@ekvallbyrne.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

On January __16__, 2020, I electronically submitted the foregoing document with the clerk of court of the U.S. District Court, Western District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_MICHAEL A. HUMMERT_

MICHAEL A. HUMMERT

# ALL PROCESS, PLEADINGS and ORDERS PREVIOUSLY SERVED UPON DEFENDANT AND DEFENDANT'S ANSWER
## IN
## CAUSE NO. 2019DCV4276
### *Roxanna Coy and Nazarete Coy*
### *vs.*
### *Lyndon Southern Insurance Company*

## IN THE 168TH JUDICIAL DISTRICT COURT OF EL PASO COUNTY, TEXAS

✛✛✛

A.  Case Summary Sheet from El Paso County District Clerk for Cause No. 2019DCV4276

B.  Plaintiff's Original Petition filed November 4, 2019

C.  Return of Service of Citation on Defendant

D.  Defendant's Original Answer filed January 13, 2020

E.  Defendant's Jury Demand filed January 15, 2020

F.  Defendant's First Amended Answer filed January 16, 2020



Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back

# REGISTER OF ACTIONS
## CASE NO. 2019DCV4276

| | | | |
|---|---|---|---|
| Roxanna Coy and Nazarete Coy VS Lyndon Southern Insurance Company | § § § § § | Case Type: | Other Civil |
| | | Date Filed: | 11/04/2019 |
| | | Location: | 168th District Court |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Defendant | Lyndon Southern Insurance Company | |
| Plaintiff | Coy, Nazarete | JEFF D. RAGO *Retained* 915-533-2535(W) |
| Plaintiff | Coy, Roxanna | JEFF D. RAGO *Retained* 915-533-2535(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 11/04/2019 | Original Petition (OCA) | Doc ID# 1 | |
| 11/04/2019 | E-File Event Original Filing | | |
| 11/07/2019 | Citation | | |
| | Lyndon Southern Insurance Company | | Unserved |
| 01/13/2020 | Answer | Doc ID# 2 | |

B

El Paso County — Tenth District Court

Filed 11/4/2019 12:33 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV4276

IN THE _____ JUDICIAL DISTRICT COURT
COUNTY COURT AT LAW NUMBER _____
OF EL PASO COUNTY, TEXAS

|  |  |  |
|---|---|---|
| ROXANNA COY and NAZARETE COY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Cause No. |
| | § | |
| LYNDON SOUTHERN INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, ROXANNA COY and NAZAETE COY, files this original petition against Defendant, LYNDON SOUTHERN INSURANCE COMPANY, and alleges as follows:

### I.
### DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiffs request seek monetary relief over $100,000.

### II.
### RELIEF

Plaintiffs seek monetary relief of $100,000 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees.

### III.
### PARTIES

Plaintiff, ROXANNA COY, is an individual residing in El Paso County at 3008 Camarona, El Paso, Texas 79936.

Plaintiff, NAZARETE COY, is an individual residing in El Paso County at 3008 Camarona, El Paso, Texas 79936.

Defendant, LYNDON SOUTHERN INSURANCE COMPANY, a Texas corporation whose registered office is located in Duval County at Bldg. 100, Ste. 330, 10151 Deerwood Park Blvd., Jacksonville, FL 32256, may be served with process by serving its registered agent for service of process, Corporate Creations Network Inc. 2425 West Loop S, Ste. 200, Houston, Texas 77027-4208.

IV.

On or about April 5, 2017 Plaintiff, ROXANNA COY renewed the policy to her automobiles through Defendant, LYNDON SOUTHERN INSURANCE COMPANY. Approximately two weeks after the policy was renewed, on May 14, 2017 Plaintiff, NAZARETE COY was involved in an automobile accident in an insured vehicle. Approximately, Defendant, LYNDON SOUTHERN INSURANCE COMPANY without notice or reason canceled the automobile policy and refunded Plaintiff, ROXANNA COY the premium paid. Defendant, LYNDON SOUTHERN INSURANCE COMPANY, after opening a claim and investigating the May 14, 2017 automobile accident, Defendant, LYNDON SOUTHERN INSURANCE COMPANY denied the claim stating that no coverage was available on the date of accident when in fact, the policy was in force.

V.
COUNT I
BAD FAITH

Plaintiff was an insured under an insurance contract issued by LYNDON SOUTHERN INSURANCE, which gave rise to a duty of good faith and fair dealing.

Defendant, LYNDON SOUTHERN INSURANCE breached the duty by

a.     denying payment of a covered claim when Defendant knew its liability under the policy was reasonably clear; and

b.     canceling the policy when Defendant knew that there was no reasonable basis for the cancellation.

Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in the following damages:

1.      Expectancy damages;

2.      Reliance damages; and

3.      Restitution damages.

Plaintiff seeks damages within the jurisdictional limits of this Court.

Exemplary damages. Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from Defendant's gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

Attorney fees. Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code chapter 542A.

## VI.
## COUNT TWO
## BREACH OF CONTRACT

In addition to other counts, Defendant breached Defendant's contract with Plaintiff.

Plaintiff had a valid and enforceable contract.

Plaintiff is a property party to bring suit for breach of contract.

Plaintiff performed, tendered performance of, or was excused from performing its contractual obligations.

Defendant breached the contract.

Defendant's breach caused the Plaintiff injury.

## VII.
## JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## VIII.
## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## IX.
## REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## PRAYER

For these reasons, Plaintiff asks that the Court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

a.    Actual damages.

b.    Exemplary damages.

c.    Prejudgment and post judgment interest.

d.    Court costs.

e.    Attorney fees.

f.    All other relief to which Plaintiff is entitled.

Respectfully submitted,

**/s/ Jeff D. Rago**
**JEFF D. RAGO**
Attorney at Law
Bar Number 00786182
813 Myrtle Avenue
El Paso, TX 79901
Phone (915) 533-2535
Fax (915) 881-4506
Email: ragolaw@gmail.com

DEC 1 7 2019

C

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  **LYNDON SOUTHERN INSURANCE COMPANY**, which may be served with process by serving its registered agent, **CORPORATE CREATIONS NETWORK INC.**, at 2425 WEST LOOP S, STE. 200, HOUSTON, TX 77027-4208

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **168th District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 4th day of November, 2019, by Attorney at Law JEFF D. RAGO, 813 MYRTLE, EL PASO, TX 79901 in this case numbered **2019DCV4276** on the docket of said court, and styled:

ROXANNA COY AND NAZARETE COY

VS

LYNDON SOUTHERN INSURANCE COMPANY

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 7th day of November, 2019.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

By _Veronica Cables_  Deputy
Veronica Cables

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of _____, 2019, at _____ I mailed to

_____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition attached thereto.

_____

| *NAME OF PREPARER | TITLE |
| --- | --- |
| ADDRESS | |
| CITY | STATE | ZIP |

_____
TITLE

## RETURN OF SERVICE

Delivery was completed on _____ , delivered to _____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____ .

      This forwarding address was provided:_____


El Paso County, Texas

By:_____

                  Deputy District Clerk

OR

_____

              Name of Authorized Person

By:_____


## VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

Subscribed and sworn to be on this _____ day

of _____, _____.


_____

Notary Public, State of _____

My commission expires: _____

**CORPORATE CREATIONS**®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

LYNDON SOUTHERN INSURANCE COMPANY                                    December 18, 2019
Barbara-Jean Southmayd Counsel
Fortegra Financial Corporation
10151 Deerwood Park Blvd. Building 100
Suite 330
Jacksonville FL 32256

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2019-848

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | LYNDON SOUTHERN INSURANCE COMPANY |
| 2. | **Title of Action:** | Roxanna Coy and Nazarette Coy vs. Lyndon Southern Insurance Company |
| 3. | **Document(s) Served:** | Citation<br>Plaintiff's Original Petition |
| 4. | **Court/Agency:** | El Paso County 168th District Court |
| 5. | **State Served:** | Texas |
| 6. | **Case Number:** | 2019DCV4276 |
| 7. | **Case Type:** | Bad Faith/Breach of Contract |
| 8. | **Method of Service:** | Regular Mail |
| 9. | **Date Received:** | Tuesday 12/17/2019 |
| 10. | **Date to Client:** | Wednesday 12/18/2019 |
| 11. | **# Days When Answer Due: Answer Due Date:** | See Notes | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:** (Name, City, State, and Phone Number) | Jeff D. Rago<br>El Paso, TX<br>915-533-2535 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 441 |
| 16. | **Notes:** | Please note the answer is due by 10:00am on the Monday next following the expiration of twenty (20) days after service |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.



Filed 1/13/2020 3:09 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV4276

CAUSE NO. 2019DCV4276

| | | |
|---|---|---|
| ROXANNA COY and NAZARETE COY | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | EL PASO COUNTY, TEXAS |
| | § | |
| LYNDON SOUTHERN | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant | § | 168TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO SAID HONORABLE COURT:

Lyndon Southern Insurance Company ("Lyndon Southern"), the Defendant herein, files this, its Original Answer to Plaintiffs' Original Petition, and would respectfully show the Court as follows:

## SPECIAL EXCEPTIONS

I.

Defendant specially excepts and objects to Plaintiffs' Original Petition as follows:

A. Defendant specially excepts and objects to the alleged cause of action for breach of the duty of good faith and fair dealing, as set forth in numbered paragraph V, Count I of Plaintiffs' Original Petition, for the reason that Texas has never recognized the existence of a duty of good faith and fair dealing in the context of the handling or defense of third-party liability actions. To the contrary, the Texas Supreme Court has addressed this issue a number of times and in each such instance has declined to recognize any such duty. Accordingly, the claim or cause of action for breach of the duty of good faith and fair dealing should be dismissed and stricken in its entirety. Of this special exception, Defendant prays judgment of the Court.

B. Defendant further specially excepts and objects to numbered paragraph V of

**DEFENDANT'S ORIGINAL ANSWER** -- Page 1

Plaintiffs' Original Petition, wherein Plaintiffs allege that they seek recovery of exemplary damages. Plaintiffs have not alleged any factual or legal basis upon which an award of exemplary damages could be entered in this case against Defendant. As such, the Plaintiffs' pleading fails to give Defendant fair notice of the claims being asserted by Plaintiffs. Accordingly, all such allegations should be stricken; alternatively, Plaintiffs should be ordered to plead with reasonable specificity the factual and legal basis for the alleged claim of exemplary damages. Of this special exception, Defendant prays judgment of the Court.

## GENERAL DENIAL

### II.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters its general denial.

## AFFIRMATIVE DEFENSES

### III.

Pleading further, and in the alternative, Defendant would show that it had and has no duty to defend Navarete Coy in the underlying lawsuit, Cause No. 2019DCV0268, because the subject policy of personal auto insurance issued to Roxanna Coy was rescinded due to material misrepresentations made by her in the application for insurance. Specifically, by reason of the application for insurance completed by Roxanna Coy on April 6, 2017, she was required to identify and disclose all family members and residents of her household who were 15 years or older. Roxanna Coy failed to identify Navarete Coy, her daughter, as a resident of her household. Navarete was 16 years old at the time the application was completed and at the time of the subject accident of May 14, 2017. Navarete did not, however, have a valid driver's license. Had Roxanna truthfully answered the questions in the application and disclosed Navarete as a resident of her

household, the policy would not have been written unless Navarete was identified as a named excluded driver. Therefore, the misrepresentation was not only material to the risk, but the misrepresentation was directly related to and contributed to the loss. Accordingly, the policy was properly rescinded and the premiums were refunded to Roxana. Further, because the policy was rescinded, there was and is no coverage for the loss, which necessarily means that Defendant had and has no duty to defend Navarete in the underlying lawsuit or to pay any judgment that ultimately may be entered against her.

IV.

In addition, or alternatively, Defendant would show that Navarete failed to comply with the conditions precedent of Roxana's policy with Defendant requiring prompt notice of claim or suit, and further requiring the insured to cooperate in the defense of any claim or suit filed. The failure of Navarete to provide notice of the claim or suit, to provide notice of service, to request a defense and/or to cooperate in the defense of the suit filed against her excuses Defendant from any obligation to pay any part of any judgment that may be entered against Navarete in the underlying suit.

V.

Pleading further in the alternative, if necessary, Defendant alleges that the conduct of Plaintiffs and /or Plaintiffs' agents or representatives proximately caused or proximately contributed to cause the occurrence in question, as well as the Plaintiffs' alleged damages. In this connection, Defendant affirmatively alleges the doctrine of comparative fault and/or comparative responsibility.

## VI.

Pleading further in the alternative, if necessary, Defendant alleges, by way of constitutional challenge, that to the extent Plaintiffs seek recovery of exemplary or punitive damages pursuant to Texas law, such law violates the due process clause of the Fourteenth Amendment to the United States Constitution, the contracts clause of Article I, Section 10, of the United States Constitution, and the excessive fines clause of the Eighth Amendment to the United States Constitution.

## VII.

Pleading further in the alternative, if necessary, and without waiving any of its other defenses, Defendant specifically pleads each and every provision of Chapter 41 of the Texas Civil Practice & Remedies Code, including the right to a bifurcated trial, the requirement of an enhanced burden of proof and the requirement of a unanimous jury verdict.

## <u>DECLARATORY JUDGMENT- REQUEST FOR ATTORNEY' FEES</u>

## VIII.

Defendant requests that this Court, in accordance with Chapter 37 of the Texas Civil Practice & Remedies Code, declare the rights and obligations of the parties with respect to the insurance contract in question and the rescission of same, and with respect to the defense of Navarete in the underlying lawsuit. Defendant further requests that this Court enter a declaratory judgment affirming that Defendant had and has no duty to defend or indemnify Navarete in connection with the claim asserted against Navarete in the underlying lawsuit, Cause No. 2019DCV0268, or otherwise, and that Defendant has no duty to pay any portion of any judgment that may ultimately be entered against Navarete in Cause No. 2019DCV0268. Further, in accordance with the provisions of Section 37.009 of the Texas Civil Practice & Remedies Code, Defendant requests that this Court in its discretion award to Defendant its reasonable and

necessary, equitable and just, attorney's fees incurred in the trial court, as well as in any appellate court to which this matter may be appealed.

## RESERVATION OF RIGHT TO AMEND

### IX.

In accordance with the provisions of Rule 63 of the Texas Rules of Civil Procedure, Defendant respectfully reserves its right to amend this pleading.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Lyndon Southern Insurance Company prays that, upon final hearing, judgment be entered that Plaintiffs take nothing from Defendant, that Defendant be granted a declaratory judgment as requested herein, and that Defendant be discharged with its costs and reasonable attorney's fees; further, that Defendant be granted all such other and further relief to which it may be justly entitled.

EKVALL & BYRNE, LLP

By: _____
Michael A. Hummert
State Bar No. 10272000
mhummert@ekvallbyrne.com
Ignacio Barbero
State Bar No. 00796162
ibarbero@ekvallbyrne.com
4450 Sigma Road, Suite 100
Dallas, Texas 75244
Telephone: (972) 239-0839
Facsimile: (972) 960-9517

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was e-served on counsel of record in accordance with the Texas Rules of Civil Procedure on this 13th day of January, 2020.

MICHAEL A. HUMMERT

E

Filed 1/15/2020 2:32 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV4276

CAUSE NO. 2019DCV4276

| | | |
|---|---|---|
| ROXANNA COY and NAZARETE COY | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | EL PASO COUNTY, TEXAS |
| | § | |
| LYNDON SOUTHERN | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant | § | 168TH JUDICIAL DISTRICT |

## DEFENDANT'S JURY DEMAND

TO THE HONORABLE COURT:

Lyndon Southern Insurance Company, the Defendant herein, respectfully demands a trial by jury.

Respectfully submitted,

EKVALL & BYRNE, LLP

BY: /s/ MICHAEL A. HUMMERT
    Michael A. Hummert
    State Bar No. 10272000
    mhummert@ekvallbyrne.com
    Ignacio Barbero
    State Bar No. 00796162
    ibarbero@ekvallbyrne.com
    4450 Sigma Road, Suite 100
    Dallas, Texas 75244
    TELEPHONE (972) 239-0839
    FACSIMILE (972) 960-9517

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was e-served on counsel of record herein in accordance with the Rules of Civil Procedure on this 15th day of January, 2020.


                    /s/ MICHAEL A. HUMMERT
                  MICHAEL A. HUMMERT

F

Filed 1/16/2020 1:28 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV4276

CAUSE NO. 2019DCV4276

| | | |
|---|---|---|
| ROXANNA COY and NAZARETE COY | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | EL PASO COUNTY, TEXAS |
| | § | |
| LYNDON SOUTHERN | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant | § | 168TH JUDICIAL DISTRICT |

## DEFENDANT'S FIRST AMENDED ANSWER

TO SAID HONORABLE COURT:

Lyndon Southern Insurance Company ("Lyndon Southern"), the Defendant herein, files this, its First Amended Answer to Plaintiffs' Original Petition, and would respectfully show the Court as follows:

## SPECIAL EXCEPTIONS

I.

Defendant specially excepts and objects to Plaintiffs' Original Petition as follows:

A.     Defendant specially excepts and objects to the alleged cause of action for breach of the duty of good faith and fair dealing, as set forth in numbered paragraph V, Count I of Plaintiffs' Original Petition, for the reason that Texas has never recognized the existence of a duty of good faith and fair dealing in the context of the handling or defense of third-party liability actions. To the contrary, the Texas Supreme Court has addressed this issue a number of times and in each such instance has declined to recognize any such duty. Accordingly, the claim or cause of action for breach of the duty of good faith and fair dealing should be dismissed and stricken in its entirety. Of this special exception, Defendant prays judgment of the Court.

B.     Defendant further specially excepts and objects to numbered paragraph V of

**DEFENDANT'S FIRST AMENDED ANSWER** – Page 1

Plaintiffs' Original Petition, wherein Plaintiffs allege that they seek recovery of exemplary damages. Plaintiffs have not alleged any factual or legal basis upon which an award of exemplary damages could be entered in this case against Defendant. As such, the Plaintiffs' pleading fails to give Defendant fair notice of the claims being asserted by Plaintiffs. Accordingly, all such allegations should be stricken; alternatively, Plaintiffs should be ordered to plead with reasonable specificity the factual and legal basis for the alleged claim of exemplary damages. Of this special exception, Defendant prays judgment of the Court.

C.      Defendant further specially excepts and objects to Plaintiff's claim for attorney's fees under Chapter 542A of the Texas Insurance Code, which is not applicable to the facts of this claim. Chapter 542A is limited in its application to first-party insurance claims made under an insurance policy providing coverage for real property or improvements to real property that arises from damage to or loss of covered property caused by forces of nature, including earthquake, flood, tornado, hurricane, hail, etc. The statute has no application to a personal auto liability insurance policy. Consequently, Chapter 542A, which is the sole basis for the Plaintiff's claim for attorney's fees, as a matter of law does not support a claim for attorney's fees against Defendant. Such allegation should, therefore, be stricken in its entirety. Alternatively, Plaintiffs should be ordered to plead with reasonable specificity the factual and legal basis for the alleged claim of exemplary damages. Of this special exception, Defendant prays judgment of the Court.

## GENERAL DENIAL

### II.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters its general denial.

## AFFIRMATIVE DEFENSES

### III.

Pleading further, and in the alternative, Defendant would show that it had and has no duty to defend Navarete Coy in the underlying lawsuit, Cause No. 2019DCV0268, because the subject policy of personal auto insurance issued to Roxanna Coy was rescinded due to material misrepresentations made by her in the application for insurance. Specifically, by reason of the application for insurance completed by Roxanna Coy on April 6, 2017, she was required to identify and disclose all family members and residents of her household who were 15 years or older. Roxanna Coy failed to identify Navarete Coy, her daughter, as a resident of her household. Navarete was 16 years old at the time the application was completed and at the time of the subject accident of May 14, 2017. Navarete did not, however, have a valid driver's license. Had Roxanna truthfully answered the questions in the application and disclosed Navarete as a resident of her household, the policy would not have been written unless Navarete was identified as a named excluded driver. Therefore, the misrepresentation was not only material to the risk, but the misrepresentation was directly related to and contributed to the loss. Accordingly, the policy was properly rescinded and the premiums were properly refunded to Roxana. Further, because the policy was rescinded, there was and is no coverage for the loss, which necessarily means that Defendant had and has no duty to defend Navarete in the underlying lawsuit or to pay any judgment that ultimately may be entered against her.

### IV.

In addition, or alternatively, Defendant would show that Navarete failed to comply with the conditions precedent of Roxana's policy with Defendant requiring prompt notice of claim or

suit, and further requiring the insured to cooperate in the defense of any claim or suit filed. The failure of Navarete to provide notice of the claim or suit, to provide notice of service, to request a defense and/or to cooperate in the defense of the suit filed against her excuses Defendant from any obligation to pay any part of any judgment that may be entered against Navarete in the underlying suit.

V.

Pleading further in the alternative, if necessary, Defendant alleges that the conduct of Plaintiffs and /or Plaintiffs' agents or representatives proximately caused or proximately contributed to cause the occurrence in question, as well as the Plaintiffs' alleged damages. In this connection, Defendant affirmatively alleges the doctrine of comparative fault and/or comparative responsibility.

VI.

Pleading further in the alternative, if necessary, Defendant alleges, by way of constitutional challenge, that to the extent Plaintiffs seek recovery of exemplary or punitive damages pursuant to Texas law, such law violates the due process clause of the Fourteenth Amendment to the United States Constitution, the contracts clause of Article 1, Section 10, of the United States Constitution, and the excessive fines clause of the Eighth Amendment to the United States Constitution.

VII.

Pleading further in the alternative, if necessary, and without waiving any of its other defenses, Defendant specifically pleads each and every provision of Chapter 41 of the Texas Civil Practice & Remedies Code, including the right to a bifurcated trial, the requirement of an enhanced burden of proof and the requirement of a unanimous jury verdict.

<u>**DEFENDANT'S FIRST AMENDED ANSWER**</u> – **Page 4**

## DECLARATORY JUDGMENT- REQUEST FOR ATTORNEY' FEES

### VIII.

Defendant requests that this Court, in accordance with Chapter 37 of the Texas Civil Practice & Remedies Code, declare the rights and obligations of the parties with respect to the insurance contract in question and the rescission of same, and with respect to the defense of Navarete in the underlying lawsuit. Defendant further requests that this Court enter a declaratory judgment affirming that Defendant had and has no duty to defend or indemnify Navarete in connection with the claim asserted against Navarete in the underlying lawsuit, Cause No. 2019DCV0268, or otherwise, and that Defendant has no duty to pay any portion of any judgment that may ultimately be entered against Navarete in Cause No. 2019DCV0268. Further, in accordance with the provisions of Section 37.009 of the Texas Civil Practice & Remedies Code, Defendant requests that this Court in its discretion award to Defendant its reasonable and necessary, equitable and just, attorney's fees incurred in the trial court, as well as in any appellate court to which this matter may be appealed.

## RESERVATION OF RIGHT TO AMEND

### IX.

In accordance with the provisions of Rule 63 of the Texas Rules of Civil Procedure, Defendant respectfully reserves its right to amend this pleading.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Lyndon Southern Insurance Company prays that, upon final hearing, judgment be entered that Plaintiffs take nothing from Defendant, that Defendant be granted a declaratory judgment as requested herein, and that Defendant be discharged with its costs and reasonable attorney's fees; further, that Defendant be

granted all such other and further relief to which it may be justly entitled.

EKVALL & BYRNE, LLP

By: _____
Michael A. Hummert
State Bar No. 10272000
mhummert@ekvallbyrne.com
Ignacio Barbero
State Bar No. 00796162
ibarbero@ekvallbyrne.com
4450 Sigma Road, Suite 100
Dallas, Texas 75244
Telephone: (972) 239-0839
Facsimile: (972) 960-9517

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was e-served on counsel of record in accordance with the Texas Rules of Civil Procedure on this _____ day of January, 2020.

_____
MICHAEL A. HUMMER

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Roxanna Coy and Nazarete Coy

**DEFENDANTS**
Lyndon Southern Insurance Company

**(b)** County of Residence of First Listed Plaintiff    EL PASO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeff D. Rago, Attorney at Law
813 Myrtle Avenue, El Paso, Texas 79901
Phone: 915-533-2535

Attorneys *(If Known)*
Michael A. Hummert, Ekvall & Byrne, L.L.P.
4450 Sigma Road, Suite 100, Dallas, Texas 75244
Phone: 972-239-0839

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | ☐ 820 Copyrights | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1332
Brief description of cause:
Breach of contract and "Bad Faith" for denial of coverage under an auto policy.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____     DOCKET NUMBER _____

DATE 1-16-20

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO                    DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

---

**STATE COURT INFORMATION:**

1. Please identify the court from which the case is being removed; the case number; and the complete style of the case.

    Cause No. 2019DCV4276
    Roxanna Coy and Nazarete Coy v. Lyndon Southern Insurance Company
    In the District Court
    El Paso County, Texas
    168th Judicial District

2. Was jury demand made in State Court?     Yes ☒     No ☐

    If yes, by which party and on what date?

    | Lyndon Southern Insurance Company | Jan 15, 2020 |
    | --- | --- |
    | Party Name | Date |

---

**STATE COURT INFORMATION:**

1. List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

    | Roxanna Coy and Nazarete Coy<br>Plaintiffs | Jeff D. Rago (SB #00786182)<br>Attorney at Law<br>813 Myrtle Avenue<br>El Paso, Texas 79901<br>Phone:    915-533-2535<br>Fax:        915-881-4506 |
    | --- | --- |
    | Lyndon Southern Insurance Company<br>Defendant | Michael A. Hummert (SB #10272000)<br>Ekvall & Byrne, LLP<br>4450 Sigma Road, Suite 100<br>Dallas, Texas 75244<br>Phone:    972-239-0839<br>Fax:        972-960-9517 |

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

   Not Applicable

3. List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

   Not Applicable

---

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS:**

1. List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

   Not Applicable

---

**VERIFICATION:**

_____          1-16-20
Attorney for Removing Party                         Date

LYNDON SOUTHERN INSURANCE COMPANY
_____
Party/Parties